**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BERNARD J. GRISBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-985-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying the plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U. S. C. §§416(i) and 423.   The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On June 13, 2008 the Magistrate Judged filed a Report and Recommendation [Doc. No. 24] in which he recommended that the Commissioner's decision be affirmed.  Because the plaintiff timely objected to that recommendation, the matter is reviewed *de novo*.

This Court's review of the Commissioner's decision is limited, as the Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record.  Washington v. Shalala, 37 F. 3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion.

Castellano, 26 F. 3d at 1028.  Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  In addition to discussing the evidence supporting his decision, the Administrative Law Judge must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects.  Haddock v. Apfel, 196 F. 3d 1084, 1088 (10th Cir. 1999); Clifton v. Chater, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, the Magistrate Judge found that the Commissioner correctly applied the applicable regulations to the evidence in the record in concluding that the plaintiff was not eligible for disability benefits pursuant to Title II of the Social Security Act ("Title II").  The Magistrate Judge also found that the decision is supported by substantial evidence.  As explained in detail in the Report and Recommendation, the Administrative Law Judge fully considered the evidence and concluded that, although the plaintiff had physical impairments during the relevant time period, those impairments did not render him qualified to receive Title II disability benefits.  More specifically, the Magistrate Judge found that the Administrative Law Judge correctly concluded that the plaintiff retains the residual functional capacity to perform his past relevant work as a truck driver.

Plaintiff contends that the Administrative Law Judge erred by failing to properly assess Plaintiff's credibility with respect to his claim of disabling pain and by concluding that Plaintiff is capable of returning to his previous work as a truck driver.  Plaintiff also contends that the Administrative Law Judge erroneously concluded that Plaintiff performed substantial gainful

activity after the date which he claims as the onset of his disability.[1]

The Report and Recommendation accurately explains in detail the plaintiff's medical history, and that explanation is adopted as though fully set forth herein. In summary, Plaintiff contends that he became disabled as a result of a work-related injury on January 2, 2003; he was "rear-ended" by another truck while he was sleeping in the semi-trailer truck which he was employed to drive. He complained of neck and back pain, and suffered a broken finger. Although he was initially placed on restricted activity due to acute cervical/lumbar strain and the broken finger, the medical evidence in the record shows that he received physical therapy for his back pain and was ultimately released to return to work without restrictions on his activities. In 2003, Plaintiff underwent an orthopedic evaluation which concluded that further medical treatment was not recommended for Plaintiff's cervical and lumbar strain. Subsequent consultative examinations in 2004 and 2005 reflected a normal range of motion in all extremities, full strength, and normal movements. Report and Recommendation at pp. 5-6. A neurologist determined in April of 2004 that no medical treatment or surgical intervention was recommended for Plaintiff, that he was no longer temporarily totally disabled as related to his cervical spine, and that Plaintiff was "released from care without specific restrictions." Report and Recommendation, p. 5 (quoting Transcript at 222).

The record also reflects, however, that Plaintiff continued to complain of lower back pain. Examinations in 2004 and 2005 revealed no objective medical evidence of neurologic deficits, and Plaintiff exhibited normal range of motion as well as normal fine and gross manipulative movements

---

[1]*As the record reflects, Plaintiff contends that he did not return to work after he was injured in a work-related accident in 2003; the Administrative Law Judge noted that the record indicates Plaintiff worked as a truck driver in 2004. The Court agrees with the Magistrate Judge that, because the Administrative Law Judge concluded that Plaintiff is capable of returning to his past work as a truck driver, it is not necessary to determine whether he worked after the alleged disability onset date.*

3

at that time. Report and Recommendation at pp. 5-6.

Plaintiff contends that, despite the medical evidence in the record, the Administrative Law Judge failed to consider Plaintiff's own complaints of pain. He argues that, although he testified at the hearing before the Administrative Law Judge regarding his pain, that testimony was not considered in the decision. The Court disagrees. Although the Administrative Law Judge did not specifically quote Plaintiff's testimony, he referenced Plaintiff's complaints of pain, and stated that he had considered Plaintiff's "daily activities" as well as Plaintiff's explanation of the frequency, nature, and duration of his pain. Transcript at 19. The Administrative Law Judge also discussed at some length the medical records which also reflected Plaintiff's statements regarding the nature and frequency of his pain as well as the medical opinions regarding his physical condition. *Id*. The Administrative Law Judge concluded that the contradictory medical evidence in the record could not support the plaintiff's statements "concerning the intensity, persistence and limiting effects" of his symptoms. Transcript at 19. Therefore, he concluded that Plaintiff's statements regarding his pain were not "entirely credible." *Id.*

The Court agrees with the Magistrate Judge that the Administrative Law Judge applied the correct legal analysis in assessing Plaintiff's pain, as discussed at pages 8 and 9 of the Report and Recommendation. Furthermore, the Court agrees that the Administrative Law Judge applied the correct analysis for determining his assessment of Plaintiff's credibility. The Court finds no error in these conclusions.

In support of his conclusion that Plaintiff retains the residual functional capacity to perform his past work as a truck driver, the Administrative Law Judge discussed in considerable detail all medical evidence in the record with regard to Plaintiff's ability to lift and carry and perform other

tasks associated with various levels of work.  As indicated, he noted that Plaintiff's treating physician had released Plaintiff to return to work without restriction.  Two consultative physicians reached the same conclusions with respect to Plaintiff's ability to lift and carry and perform other physical tasks within the range of medium work.  Based on the evidence, the Administrative Law Judge concluded that Plaintiff can continue to perform the physical and mental demands of his past work as a truck driver.   As discussed in detail in the Report and Recommendation, his conclusion is supported by substantial evidence in the record. Report and Recommendation at pp. 8-11.

Plaintiff also contends that the Administrative Law Judge incorrectly stated that Plaintiff had continued to perform some work during the time period in which he now claims he was disabled. As the Magistrate Judge noted, there is some evidence in the record to support the conclusion that Plaintiff worked after his alleged disability onset date of January 2, 2003.  Transcript, pp. 43, 56, 86. In any event, as the Magistrate Judge noted, the Administrative Law Judge concluded that the medical evidence in the record supports the determination that Plaintiff can perform the full range of medium work and was medically determined to have that ability in 2004 and in 2005. A state agency medical consultant determined in July of 2004 that he was capable of performing work at the medium exertional level; a second consultative examiner concluded in August 2005 that he was capable of performing the full range of medium work.  *See* discussion of the record at p. 11 of the Report and Recommendation. Although the Administrative Law Judge adopted only one of these two reports, he noted that both reports were consistent with  Plaintiff's own medical records.  As the Magistrate Judge correctly noted, there is substantial evidence in the record to support the finding that Plaintiff retains the residual functional capacity required for a full range of medium work.

Having fully considered the record in this case and the objections of Plaintiff, the Court concludes that the Magistrate Judge was correct in determining that the Administrative Law Judge did not err in his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. Furthermore, that conclusion is supported by substantial evidence in the record. Accordingly, the Report and Recommendation [Doc. No. 24] is adopted as though fully set forth herein. The decision of the Commissioner is affirmed.

IT IS SO ORDERED this 12th day of February, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE